UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOHN SNYDER,

                Plaintiff,                        Case No. 1:11-cv-1325

v.                                                        Honorable Janet T. Neff

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).[1] The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants except Defendant Ameel. The Court will serve the complaint against Defendant Ameel.

---

[1] Although Plaintiff no longer is a prisoner within the meaning of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), he was a prisoner at the time his complaint was filed. The Court therefore retains the authority to screen the case under those provisions as well as under 28 U.S.C. § 1915(e)(2).

**Discussion**

      I.      Factual allegations

Plaintiff John Snyder presently is paroled to the Self Help Addiction Rehabilitation, Inc., facility in Macomb County (SHAR-Macomb). The actions about which he complains, however, occurred while he was housed at the Pugsley Correctional Facility (MPF). Plaintiff sues the following Defendants: the Michigan Department of Corrections (MDOC); Valitas Health Services, Inc.; American Service Group, Inc.; Corizon; the unnamed Medical Director of the MDOC; former MDOC Director Patricia Caruso; MDOC Director Daniel Heyns; MDOC Administrators J. Schad, Richard Russell, Tom Osier, and David Ankestryn; Corizon Doctor (unknown) Bomber; MPF Doctors (unknown) Ameel and Robert Crompton; MPF Physician's Assistant (PA) Paula Meyers; MPF Health Unit Manager L. Kissau; and MPF Nurses Karen Wright, Ed Pearson and Jeannie Stephenson.

Plaintiff's complaint is brief and largely conclusory. He alleges that he has been denied adequate medical and psychiatric care during his entire period of incarceration, from April 1, 2010 to the time he filed his complaint on December 16, 2011. He contends that he had a herniated disc and a ruptured bicep tendon for which he received no treatment. In addition, on April 27, 2011, Dr. Ameel allegedly failed to renew Plaintiff's prescription for psychiatric medication, which he had been taking since 2004. Plaintiff alleges that he experienced severe withdrawal symptoms, including insomnia and anxiety. On May 3, 2011, after Plaintiff complained about the denial of medications, he was called into Dr. Ameel's office. Plaintiff alleges that Dr. Ameel spent the next 30 minutes berating, degrading and humiliating Plaintiff. Plaintiff suggests but does not affirmatively state that Dr. Ameel did not provide any medical treatment at that time.

Plaintiff alleges that Defendants collectively either failed to adequately respond to his grievances or negligently supervised health care providers and were thereby deliberately indifferent to Plaintiff's serious medical needs. Plaintiff also alleges that Defendants' conduct violated MDOC policies and state law. He contends that he has suffered a permanent impairment of his left arm that will affect his ability to work as a laborer.

II.     Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

III.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to name any individual Defendant in the body of the complaint, except Defendant Ameel. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), he fails to state a claim against any Defendant except Defendant Ameel.

Moreover, to the extent that Plaintiff suggests that various unspecified Defendants failed to respond to his grievances or failed adequately to supervise their subordinates, Plaintiff also fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that any Defendant other than Defendant Ameel engaged in active unconstitutional behavior. Accordingly, for this additional reason, Plaintiff fails to state a claim against any Defendant except Defendant Ameel.

At this juncture, the Court concludes that Plaintiff has made sufficient allegations to state an Eighth Amendment claim against Defendant Ameel.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that all Defendants except Defendant Ameel will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Ameel.

An Order consistent with this Opinion will be entered.


Dated:  March 6, 2012            /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge